**STATE ex HECK, Prosecuting Attorney, Plaintiff, v. GRILLOT et, Defendants.**

Common Pleas Court, Montgomery County.

No. 108508. Decided October 13, 1955.

Mathias H. Heck, Prosecuting Attorney by John P. McHugh, Ass't., Dayton, for plaintiff.

Charles P. Pfarrer, Dayton, for defendants.

---

See original temporary order in **71 Abs 170.**

#### OPINION

By McBRIDE, J.

It appearing to the court from an inspection of the premises, the report of the Sheriff and statements of the parties that the defendants have elected and have not since September 1st, 1955, accepted, deposited. burned or buried garbage or household trash and do not intend to accept such material in the future; that the City of Dayton is unable at this time or in the immediate future to accept or dispose of either burnable or non-burnable industrial refuse created in Dayton; that as a result of the former order the volume of refuse disposed of at the South Dayton Dump was reduced by two-thirds on September 1st, 1955. thereby substantially reducing the nuisance, and it further appearing that controlled industrial burning will be necessary in this community for an indefinite time;

Therefore,

Until further order of the court, it is hereby ordered that a temporary injunction be, and the same is hereby granted, restraining the defendants, and each of them, from accepting, depositing, burning, burying

or permitting others to deposit, dump, burn, bury or otherwise in any manner dispose on the premises the following materials:

## A.   GARBAGE AND TRASH

Garbage and trash or materials of any kind from residential sources other than building materials and burnable household furniture;

Garbage and food wastes from bakeries, restaurants, groceries, hotels, cafeterias, lunch rooms, and any place where food is prepared, sold or served.

## B.   DANGEROUS MATERIALS

Inherently dangerous liquids, materials and substances which require professional disposal methods or techniques.

## C.   NON-BURNABLES

Rubber, plastics, and linoleum; paint, ink and tar cans and containers; paints, oils, fly ash, tars, and roofing; tar base or impregnated paper and tar base or impregnated boxes; and similar black smoke and odor producing materials may not be accepted or deposited unless separated and deposited **WITHOUT BURNING** in one or more separate locations on the premises at a safe distance from the burning operation.

Such materials must be used exclusively for filling and compacted and covered with earth, sand, gravel, plaster, broken cement or similar solid materials at or about the end of each week's operation.  The cover must be sufficient to form a cell to prevent spread of fire.  This operation is described as a land "cover" as distinguished from a "sanitary landfill" operation such as is required in the county for garbage and trash under the disposal regulations recently adopted by the Montgomery County Board of Health.

## D.   BURNABLES

The defendants may, subject to applicable statutes, ordinances or regulations, burn other commercial and industrial products and refuse which can be practically consumed by open fire.

Burnable industrial loads may include paper cups, paper napkins, waxed milk containers and plates from which all food has been removed, however, if such material is mixed in a non-burnable load, such load may be accepted and deposited only if the entire load is disposed of as provided under Item C and covered with earth the same day.

"Burning down" of refrigerators, stoves, automobiles and other metal products in open dumps for the purpose of removing paint and enamel produces dense smoke and odors.  The court has requested a survey and classification of all industrial products and refuse and related methods of modern disposal.  Pending completion of such a report and as a matter of public necessity, the court recognizes open burning of such materials in suitable areas providing garbage and household trash is not accepted, burned or buried on the premises.

The entire disposal area must be supervised during business hours and when burning and so fenced or enclosed that vehicles cannot enter except during business hours.

The defendants shall furnish each regular customer with a copy of this order, containing in bold type instructions to the effect that all refuse of commercial or industrial origin must be segregated into four classifications:  Garbage, burnable, non-burnable and inherently dan-

gerous substances, as herein defined. Also that no garbage, household trash, or inherently dangerous substances of any kind may be accepted, burned or buried.

Continuing jurisdiction is expressly reserved by the court. The sheriff is directed to enforce this order pursuant to §3767.24 R. C.